IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| RUBEN ORTEGA,<br>   *Plaintiff*, | §<br>§<br>§ | |
| V. | §<br>§ | |
| STATE FARM MUTUAL<br>AUTOMOBILE INSURANCE<br>COMPANY AND ERNESIA BRYANT,<br>   *Defendants*. | §<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 1:21-cv-94 |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

### A. PARTIES

1. Plaintiff Ruben Ortega is an individual that is a citizen of Texas.

2. Defendant State Farm Mutual Automobile Insurance Company ('Defendant State Farm') states it is a citizen of Illinois. (Docket 1, P. 9). Defendant has been duly served and made an appearance herein.

3. Defendant Ernesia Bryant is a citizen of Texas and has been duly served and made an appearance herein. (Docket 1, P. 7).

### B. JURISDICTION

4. Plaintiff disputes Federal jurisdiction pursuant to 28. U.S.C. §1332 as there is not complete diversity among the parties. Both Plaintiff Ruben Ortega and Defendant Ernesia Bryant are citizens of Texas. Plaintiff files this First Amended Complaint as a matter of course within 21 days after service of Defendants' Original Answers as allowed by Federal Rule of Civil Procedure 15(a)(1)(b). Plaintiff will file a Motion to Remand.

## C. VENUE

5. Subject to proper federal jurisdiction, venue would be proper in this district court under 28 U.S.C. §1391(b)(2) as substantial part of the events or omissions giving rise to this claim occurred in this district.

## D. FACTS

6. This lawsuit stems from an underlying motor vehicle crash that occurred on February 13, 2020, in Harlingen, Texas. Plaintiff Ruben Ortega was violently rear-ended by at fault driver, James L. Lawson who failed to pay attention and control the speed of his vehicle. As a direct and proximate result of the collision complained of herein, Plaintiff sustained severe bodily injury and property damage.

7. Plaintiff made a claim against the at-fault driver's automobile insurance company and settled for policy limits. Plaintiff's medical bills and damages exceeded the recovery from the at-fault driver, so Plaintiff sought his uninsured/underinsured motorist benefits from Defendant State Farm.

8. Plaintiff timely reported his claim to Defendant State Farm in which Defendant State Farm acknowledged immediately thereafter. Defendant State Farm assigned Plaintiff's claim to Ernesia Bryant, an adjuster with Defendant, State Farm.

9. On January 20, 2021, Plaintiff forwarded a demand packet and letter to Defendant State Farm. In his demand, Plaintiff requested payment by Defendant State Farm of the full uninsured/underinsured motorist policy and enclosed medical records and bills to substantiate his claim. To date, Defendant State Farm and Ernesia Bryant has failed to make a reasonable offer with regard to his claim.

### E. PLAINTIFF'S CAUSES OF ACTION AGAINST DEFENDANTS STATE FARM AND ERNESIA BRYANT

**UM/UIM CLAIM AGAINST DEFENDANTS**

10. At the time of the motor vehicle collision described above, Plaintiff was covered by an automobile liability policy of insurance with Defendant State Farm that included uninsured/underinsured motorist coverage. Plaintiff timely and properly notified Defendant State Farm of his claim under the underinsured provision of the policy. Defendants have denied coverage. All conditions precedent to bringing this suit has been performed and/or have occurred.

**DECLATORY JUDGEMENT**

11. Defendant State Farm is liable for benefits under the UM/UIM policy. Plaintiff seeks a declaratory judgment action pursuant to Chapter 37, Texas Civil Practice & Remedy Code to determine his rights under his UM/UIM policy. Further, Plaintiff seeks reasonable attorney's fees in the amount of $400.00/hour for attorneys and $150.00/hour for paralegals as allowed by the Fourth Court of Appeals Opinion in the matter of *Allstate Insurance Company v. Daniel Wes Irwin*, No. 04-18-00293-CV, August 21, 2019.

**VIOLATIONS OF THE INSURANCE CODE**

12. Plaintiff is also entitled to recover under the Insurance Code, Charter 542.052, Subchapter A, Unfair Claim Settlement Practice (formerly Art 21.55) for Defendants' failure to timely pay the benefits due and to fully comply with the statute.

13. Defendants State Farm, and Ernesia Bryant failed to acknowledge Plaintiff's claims, as required by the Insurance Code. Defendants State Farm, and Ernesia Bryant did not timely pay Plaintiff. As such, Plaintiff seeks the remedies of the Insurance Code, Chapter 542.052, et. sec.

## VIOLATIONS OF THE PROMPT PAYMENT ACT

14. Plaintiff re-alleges and incorporates by reference all previous and subsequent paragraphs herein. Defendants violated Chapter 542 of the Texas Insurance Code, specifically the Prompt Payment of Claims Act. Defendants failed to timely acknowledge receipt of Plaintiff's claims and commence an investigation of the claim. Pursuant to Section 542.058 of the Texas Insurance Code, if an insurer, after receiving all items, statements, and forms reasonably requested and required under Section 542.055, delays payment of the claim for a period exceeding the period specified by other applicable statutes or, if other statutes do not specify a period, for more than 60 days, the insurer shall pay damages and other items as provided by Section 542.060. In addition to the amount of Plaintiff's claims, Plaintiff seeks interest on the amount of the claim at the rate of 18 percent a year as damages, together with reasonable attorney's fees.

## BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

15. Plaintiff re-alleges and incorporates by reference all previous and subsequent paragraphs herein. At all relevant times, Defendants State Farm, and Ernesia Bryant owed Plaintiff an implied covenant of good faith and fair dealing.

16. Defendants State Farm, and Ernesia Bryant violated Chapter 541 of the Texas Insurance Code, including but not limited to Section 541.060 and Section 542.003 by failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear and by failing to provide promptly to a policy holder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or for the offer of a compromise settlement of a claim.

17. Defendants State Farm, and Ernesia Bryant breached their implied covenant of good faith and fair dealing when it failed and refused to pay Plaintiff any benefits under its policy.

18.     As a direct and proximate result of Defendants State Farm, and Ernesia Bryant breach of the implied covenant of good faith and fair dealing, Plaintiff suffered monetary damages in an amount to be determined at trial.

### VIOLATIONS OF THE UNFAIR CLAIM SETTLEMENT ACT

19.     Plaintiff re-alleges and incorporates by reference all previous and subsequent paragraphs herein. Defendants further violated the Tex. Ins. Code §541.060 and §542.003 in that Defendants failed to attempt in good faith to effect a prompt, fair and equitable settlement of Plaintiff's Underinsured Motorist's claim. Defendants further violated this act by compelling Plaintiff to instigate litigation by wrongfully denying coverage and by failing and refusing to make an offer of fair compensation.

### BAD FAITH

20.     Plaintiff re-alleges and incorporates by reference all previous and subsequent paragraphs herein. Defendants State Farm, and Ernesia Bryant have no reasonable basis in law or fact for failing and refusing to pay Plaintiff the policy limits under the policy of uninsured/underinsured motorist coverage. Defendants State Farm, and Ernesia Bryant bad faith conduct constitutes an intentional tort entitling Plaintiff to compensatory damages, punitive damages, and attorneys' fees in an amount to be determined at trial.

### F.  PROXIMATE CAUSE

21.     Each and every, all and singular of the foregoing acts and omissions, on the part of Defendants, taken separately and/or collectively, constitute a direct and proximate cause of the injuries and damages set forth below.

## G.  DAMAGES FOR PLAINTIFF

22.     As a direct and proximate result of the occurrence made the basis of this lawsuit Plaintiff was caused to suffer bodily injury, and to incur the following damages:

- A.  Reasonable medical care and expenses in the past.  These expenses were incurred by Plaintiff Ruben Ortega, for the necessary care and treatment of the injuries resulting from the collision complained of herein and such charges are reasonable and were usual and customary charges for such services in Cameron County, Texas;

- A.  Reasonable and necessary medical care and expenses which, in all reasonable probability, will be incurred in the future;

- B.  Physical pain and suffering in the past;

- C.  Physical pain and suffering in the future;

- D.  Physical impairment in the past;

- E.  Physical impairment which, in all reasonable probability, will be suffered in the future;

- F.  Loss of earning capacity which, in all reasonable probability, will be incurred in the future;

- G.  Disfigurement in the future;

- H.  Mental anguish in the past;

- I.  Mental anguish in the future;

- J.  Cost of medical monitoring and prevention in the future;

- K.  Property Damage;

- L.  Storage Fees;

- M.  Loss of Use/$50.00 per day; and

- N.  Reasonable attorney's fees: $400/hour for attorneys and $150/hour for paralegals as allowed by *Allstate Insurance Company v. Daniel Wes Irwin*, No. 04-18-00293-CV, August 21, 2019.

## H.  JURY DEMAND

23. Plaintiff demands a trial by jury.

## I.  PRAYER

24. **WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully prays that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,
**BEGUM LAW GROUP**

/s/ *Juan Gonzalez*
Juan H. Gonzalez
Federal Bar No.: 3026653
Texas Bar No.: 24087602
2401 Wild Flower, Suite B
Brownsville, Texas 78526
T. (956) 982-1800
F. (956) 982-8602
E. BrownsvilleLegal@begumlawgroup.com
*Attorney for Plaintiff*

**ATTORNEY IN CHARGE FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

      I hereby certify that on July 8, 2021, a copy of the foregoing *Plaintiff's Amended Petition* was *electronically filed* on the CM/ECF system, which will automatically serve a Notice of Electronic Filing on the following attorney in charge for Defendants State Farm and Ernesia Bryant.

Elizabeth Sandoval Cantu
Federal Bar No.: 310028
Texas Bar No.: 24013455
RAMON WORTHINGTON NICOLAS & CANTU, PLLC
1506 South Lone Star Way, Suite 5
Edinburg, Texas 78539
T. (956) 294-4800
F. (956) 928-9564
E. ecantu@ramonworthington.com

                                              /s/ *Juan Gonzalez*
                                              Juan H. Gonzalez